UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

BLADIMIR  VALDERA,

                          Plaintiff(s),                **COMPLAINT**

       -against-                          Index No.:

WALMART, INC.,

                          Defendant(s).

_____

The Plaintiff, Bladimir Valdera, as and for his Complaint, complaining of the Defendant, Walmart, Inc., does hereby respectfully allege and show to the Court the following:

**PARTIES**

1.  At all times hereinafter alleged, the Plaintiff, Bladimir Valdera, was a resident at 101-36 106th Street, Ozone Park, New York .

2.  Upon information and belief, at all times hereinafter alleged, the Defendant, Walmart, Inc., was and still is a foreign business corporation, formed and existing under the laws of Delaware.

3.  Upon information and belief, at all times hereinafter alleged, the Defendant, Walmart, Inc. was registered with New York State's Department of State and had permission to conduct business in New York.

**JURISDICTION AND VENUE**

4.  Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because Walmart, Inc. is registered to conduct business in New York State and also because much of the Plaintiff's medical treatment took place in New York State.

5.  This Court has subject matter jurisdiction over this matter because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(NEGLIGENCE)**

6.  The Plaintiff repeats, reiterates and realleges each and every allegation in those paragraphs marked and designated "1" through "5," inclusive, with the same force and effect as though fully set forth herein at length.

7.  Upon information and belief, at all times hereinafter alleged, the Defendant, Walmart, Inc., was a business corporation that sold retail merchandise, including, but not limited to, sporting goods, groceries, housewares, home textiles, home improvement hardware, electronics, food, clothing and luggage, pet supplies, books and stationary, holiday items, toys, lawn, garden and patio equipment, and other stuff too.

8.  At all times hereinafter alleged, and specifically on September 23, 2023, the Plaintiff, Bladimir Valdera, was a customer of Walmart, Inc. (Store #2497) located in New Jersey.

9.  Upon information and belief, at all times hereinafter alleged, the Defendant, Walmart, Inc. (Store #2497) owed the Plaintiff a duty of care to maintain the subject property in a reasonably safe condition.

10.     Upon information and belief, at all times hereinafter alleged, the Defendant, Walmart, Inc. (Store #2497) the Defendant breached its duty of care by failing to maintain the subject property in a safe and hazard free condition.

11.     On September 23, 2023, the Plaintiff, Bladimir Valdera, sustained injury while shopping at the Walmart, Inc. (Store #2497).

12.     While the Plaintiff was shopping at the subject premises, the Plaintiff slipped and fell on pasta that was on the floor of the dry goods isle.

13.     The injuries suffered by the Plaintiff, Bladimir Valdera, were a direct result of the negligence of Walmart, Inc. (Store #2497) due to its failure to keep the isle and floor of the store clear of hazards.

14.     The Defendant, Walmart, Inc. (Store #2497) is liable to the Plaintiff for his injuries, damages, and losses.

15.     The Plaintiff demands a jury trial.

WHEREFORE, the Plaintiff demands judgment against the Defendant in an amount that exceeds the monetary jurisdictional limits of this or any other Court, together with the costs and disbursements of this action, reasonable attorney's fees, and all such other and further relief as this Court deems just and proper.

**Dated:**  May 14, 2025
        Kingston, New York

**New York Injury Law, LLP**

JOHN A. DeGASPERIS, ESQ.
Attorneys for Plaintiff(s)
P.O. Box 3037
326 Washington Avenue, Suite 2
Kingston, New York 12402
Telephone: (845) 777-9467